BLACK AND WHITE CHILDREN OF the PONTIAC SCHOOL SYSTEM, a class of Plaintiffs, et al., Plaintiffs-Appellants,

v.

The SCHOOL DISTRICT OF the CITY OF PONTIAC, a Public Body Corporate of the State of Michigan, Dana P. Whitmer, Superintendent of Schools, School District of the City of Pontiac, Defendants-Appellees.

No. 71–1845.

United States Court of Appeals, Sixth Circuit.

July 20, 1972.

Parvin Lee, Jr., Bloomfield Hills, Mich., for plaintiffs-appellants; Charles J. Porter, Bloomfield Hills, Mich., of counsel.

Robert E. Manley, Cincinnati, Ohio, for defendants-appellees; Beirne, Wirthlin & Manley, Cincinnati, Ohio, Dudley & Patterson, Harold W. Dudley and William R. Lightbody, Pontiac, Mich., of counsel.

Before EDWARDS, McCREE and KENT, Circuit Judges.

PER CURIAM.

Plaintiffs in this case sought an injunction restraining the School District of the City of Pontiac from transporting children, pursuant to an order of the United States District Court for the Eastern District of Michigan. Davis v. School District of City of Pontiac, Inc., 309 F.Supp. 734 (E.D.Mich.1970), aff'd, 443 F.2d 573 (6th Cir.), cert. denied, 404 U.S. 913, 92 S.Ct. 233, 30 L.Ed.2d 186 (1971).

The complaint was referred to the same District Judge who had entered the order, the effect of which this suit sought to enjoin; and after oral argument, he dismissed the complaint on the ground that plaintiffs' suit was an attempt collaterally to attack the desegregation order entered in the principal case.

We affirm.

Plainly, plaintiffs have mistaken their remedy. Most of their briefing and argument alleges difficulties in the carrying out of the desegregation order involved in the principal case. The District Court has maintained jurisdiction of the case. The proper avenue for relief if there were unanticipated problems which had developed in the carrying out of the court's order, was an application to intervene and a motion for additional relief in the principal case.

Dealing with a very similar argument, this court recently said:

"The District Court order in this case specifically retained jurisdiction. Thus, upon our affirmance, the door of the District Court is clearly open (as it has been!) to the parties to present any unanticipated problems (not resulting from failure to comply with its order) which may have arisen or may arise in the future." Kelley v. Metropolitan County Board of Education of Nashville, Tennessee, 463 F.2d 732 (6th Cir. 1972).

The judgment of the District Court is affirmed.